(89 South. 238)

## ALLISON v. CODY et al. (3 Div. 461.)

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

**1. Mortgages ☞378—Foreclosure cuts off equity of redemption.**

The valid foreclosure of a first mortgage completely extinguishes the equity of redemption under such mortgage, leaving in the mortgagor, or those claiming under or through the mortgagor, only the statutory right of redemption.

**2. Mortgages ☞591(1)—Statutory right of redemption exists after foreclosure, as a privilege, not a property right.**

The statutory right to redeem exists after foreclosure, the act which creates it, and under the amended statute is now, as heretofore, a privilege only, not a property right or interest.

**3. Mortgages ☞591(1)—Statutory right to redeem must be exercised in statutory manner.**

The statutory right of redemption can only be exercised by those described in the statute and in the mode defined therein, and with the effects the statutory design prescribes.

**4. Mortgages ☞594(5)—Where third mortgagee has redeemed, second mortgagee cannot redeem.**

Where a third mortgagee redeemed from the foreclosure, under Code 1907, § 5746 et seq., a second mortgagee could not redeem, nor hold the third mortgagee as trustee for the benefit of himself and the second mortgagee, in the absence of special equities.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by H. B. Allison against Michael Cody and others to redeem from a redemption from foreclosure. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

Chronologically stated, the facts are as follows: The Tri-States Realty Company gave a first mortgage for $10,000 upon certain property, which mortgage was foreclosed, and the Mabry Security Company became the purchaser, but before this foreclosure the Tri-States Realty Company executed a second mortgage to one Crowson for $3,500 which Crowson transferred to H. B. Allison. Shortly thereafterwards, but before foreclosure, the Tri-States Realty Company gave to Crowson a third mortgage, which Crowson transferred and assigned to Cody. It is further alleged that Allison did not undertake to

redeem from the foreclosure, under the first mortgage, but that Cody did so, received a deed vesting the title in him, and had gone into possession and was claiming it; that he paid for such redemption $13,696.28, but his third mortgage amounted to the principal sum of $16,500, and that the second mortgage was for $3,500. The prayer of the bill is to hold the third mortgagee as a trustee for the benefit of himself and the second mortgagee, and that the property be sold and the proceeds apportioned according to equity.

W. A. Gunter, of Montgomery, for appellant. ·

A third mortgagee cannot redeem from a sale under the first mortgage and hold exclusively for himself against the second mortgagee, claiming without laches, on equitable terms, the benefit· of the redemption. 2 Black, 613, 17 L. Ed. 309; 216 U. S. 524, 30 Sup. Ct. 382, 54 L. Ed. 602, 17 Ann. Cas. 1167; 91 U. S. 587, 23 L. Ed. 328; 5 Johns. Ch. (N. Y.) 507; 3 Eng. Rep. 432; 73 N. J. Eq. 697, 71 Atl. 263, 17 Ann. Cas. 1196, and note; 160 Ala. 480, 49 South. 314; 93 Ala. 239, 9 South. 419; 2 Jones on Mortgages, 1086; (C. C.) 48 Fed. 347; 43 Mich. 468, 5 N. W. 656; 112 Mass. 352; 7 R. C. L. 857; 174 Ala. 381, 56 South. 982, Ann. Cas. 1914B, 815.

Ball & Beckwith, of Montgomery, for appellee.

Counsel criticize the authorities cited by appellant, with the assertion that they in no wise support the proposition, but they cite no authority.

McCLELLAN, J. The Tri-States Realty Company executed, on different dates, three mortgages on the same real property, to secure respective indebtedness maturing on different dates. The first, superior mortgage was foreclosed, and the holder of the first superior mortgage became the purchaser at the foreclosure sale, this land being afterwards sold to other parties, "and," as averred in paragraph C of the bill, "finally passed into the ownership of the Mabry Securities Company, a corporation." On April 1, 1919, Michael Cody, to whom had been assigned the third mortgage (executed by the Tri-States Realty Company to J. C. Crowson), exercised the statutory right of redemption and effectually redeemed from the Mabry Securities Company the land sold under the foreclosure of the first, superior mortgage. On February 16, 1916, Allison, the complainant (appellant), became the assignee of the second mortgage executed to J. C. Crowson by the Tri-States Realty Company on December 2, 1915.

The special prayer of Allison's bill is this: "* * * And that it be decreed that orator is entitled to the benefit of said redemption of said land described in orator's said mortgage by Cody on equitable terms, and that a receiver be appointed to take charge of said redeemed property, and to sell the same, and that the proceeds be applied first to the reimbursement of said Cody for his outlay in effecting said redemption, and then as is equitable between all the interested parties, according to their several rights, and that the amount due to orator and to. said Cody on their respective mortgages be ascertained and paid out of said proceeds of said property according to their equitable rights severally, and that said Cody be charged with the rent of said lands since he recovered the same."

The question arising on demurrer to the bill is thus stated in brief for appellant:

"Whether a third mortgagee can redeem from a sale under the first mortgage and hold exclusively for himself against the second mortgagee claiming, without laches, on equitable terms, the benefit of the redemption."

The design of the bill and the effect of its allegations is thus defined in brief for appellee:

"To state the proposition in another way, the bill is filed by a second mortgagee after foreclosure of the first mortgage and redemption by the third mortgagee *and the expiration of the time within which the second mortgagee might have redeemed* to hold the third mortgagee as a trustee for the benefit of himself and the second mortgagee. There is no contention that any express trust has ever been entered into. The only trust which is hinted at is supposed to grow out of the relations above stated." (Italics supplied.)

[1-4] Upon familiar principles the valid foreclosure of the first, superior mortgage effected to completely extinguish the equity of redemption resulting from the mortgage, leaving in the mortgagor, or those claiming under or through the mortgagor, only the statutory right of redemption. Jackson v. Tribble, 156 Ala. 480, 489, 490, 47 South. 310; and Lehman, Durr & Co. v. Shook, 69 Ala. 486, 491, 492 (among others); 10 Michie's Dig. Ala. Rep. pp. 194, 195. In the purchaser at such foreclosure sale the legal estate vested; the equity of redemption being entirely cut off and barred. Authorities supra. The statutory right to redeem exists after the foreclosure. the act which creates it; and under the amended statute that is now, as always heretofore, a privilege only, not a property right or interest. Toney v. Chenault, 204 Ala. 329, 85 South. 742. This statutory right of redemption can only be exercised by those described in the statute and in the mode defined therein, and with the effects the statutory design prescribes. Beebe v. Buxton, 99 Ala. 117, 118, 12 South. 567. The effectual, seasonable exercise by Cody of the statutory right to redeem from the subsequent vendee of the purchaser at the foreclosure sale, as a junior mortgagee, operated to invest Cody, the redemptioner under the statutory system (Code, § 5746 et seq.), with the indefeasible legal title to the lands

thus redeemed. Jackson v. Tribble, supra; Lehman v. Shook, supra; Francis v. Sheats, 153 Ala. 468, 476, 45 South. 241, 127 Am. St. Rep. 61; Owen v. Kilpatrick, 96 Ala. 421, 11 South. 476. Our statutory system of redemption, creating and alone defining the right, the privilege to redeem, does not confer upon one junior mortgagee the right to redeem from another junior mortgagee who has exercised the statutory right to redeem. Owen v. Kilpatrick, supra. We may repeat what was there well said, nearly 30 years ago:

"Only legislative action can put the other classes of persons mentioned in the statute upon an equal footing with judgment creditors in the matter of redeeming from a redemptioner."

Subsequent Legislatures have not seen fit to clothe one erstwhile junior incumbrancer with the right to redeem from another erstwhile junior incumbrancer, or to share in the benefit of a redemption effected by another erstwhile junior incumbrancer.

According to the special prayer the complainant would invoke the application to the redemption by Cody of equitable principles appropriate to and resultant from relations of trust and confidence like that of tenancies in common or other communities of interest in properties. No such relation of confidence or trust exists in respect of or between mortgagees claiming under mortgages securing different indebtedness, whatever the rank of their respective priorities. The opinion and decision in Rothwell v. De Wees, 2 Black, 613, 67 U. S. 309, is referable to circumstances as well as relations from which the court deduced and applied equitable principles that result from wholesome notions of fidelity to confidence and trust whereby a trustee, or one in that relation, is denied the right to selfish benefits or advantages that accrue from a breach or prostitution of duty in the premises. That this is the accepted doctrine of the Rothwell v. De Wees. Case is seen by reference to the decisions interpreting it as noted in 5 Rose's Notes (Rev. Ed.) pp. 672–675. It is without bearing or application to the status established by Cody's redemption—the exercise of a statutory privilege only—from the subsequent vendee of the purchaser at the foreclosure of the first, superior mortgage. Like considerations of principle and relation discriminate Troy v. Protestant Episcopal Church, 174 Ala. 380 (sixth headnote) 56 South. 982, Ann. Cas. 1914B, 815, and Gearhart v. Gearhart (Mo.) 213 S. W. 31, 6 A. L. R. 291, and elaborate annotations, from the cause under review. They, too, are without bearing here. The doctrine of the text of section 1086 of 2 Jones on Mortgages (7th Ed.) is likewise without application. The doctrine of that text is referable to redemption where foreclosure has not been accomplished, and can have no recourse where

statutory redemption, after completed foreclosure, is the right (privilege) in question. The demurrer was properly sustained. The decree is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.