POWER BUILDING AND LOAN ASSOCIATION, A CORPORA-
TION, PLAINTIFF, v. AJAX FIRE INSURANCE COM-
PANY, A CORPORATION, DEFENDANT.

Decided February 16, 1932.

For the plaintiff, *Julius H. Halprin.*

For the defendant, *Lum, Tamblyn & Colyer.*

SMITH, C. C. J.   The plaintiff is the holder of a fire insur-
ance policy issued to it by the defendant and has it by rea-
son of the fact that the plaintiff holds a mortgage on the
property covered by the policy.   The policy has endorsed
upon it the mortgagee clause, making it payable to the plain-
tiff as mortgagee to secure it on its mortgage, the amount of
which is not stated in the agreed state of facts.   The plaintiff
was the holder of a third mortgage, and there was other
insurance issued to the owner and to the other mortgagees.
The fire loss was fixed at $600, and if it were prorated among
the other insurance policies, the amount which the defendant
would have to pay to the plaintiff would be $94.37.   The
mortgagee clause does not contain any provision for contri-
bution, and it has what might be called the non-contribution
clause.

This endorsement on the policy is for the protection of
the mortgagee and is a separate contract between the defend-

ant and the plaintiff from that of the agreement in the policy between the defendant and the owner.

The building covered by the policies following the fire was condemned, and subsequently the property was foreclosed and the plaintiff purchased it at the foreclosure sale and became the owner of the fee. Subsequently to that a prior mortgagee instituted foreclosure and became the owner of the fee under said foreclosure, so that the plaintiff herein lost title to the premises covered by the mortgage.

It is my conclusion that where there is no contribution clause and the loss is made payable to the mortgagee under a separate contract of insurance contained in the mortgagee clause endorsed on the policy, that the plaintiff is not obligated to accept from the defendant only its *pro rata* share with the other insurance for the amount of the loss suffered by the property. It is entitled to have its security remain unimpaired by the fire up to the amount of its insurance, and to have in place of the loss sustained the amount of cash which it would receive from the policy. The defendant is protected by its mortgagee clause under its right of subrogation, so that upon payment of the amount of the loss it can be subrogated to a share in the mortgage which the amount paid bears to the amount of the mortgage, and assert the mortgagee's right under the mortgage to that extent, or pay the full amount of the mortgage debt and receive an assignment of the mortgagee's collateral.

The mortgagee clause provides: "Whenever this company shall pay the mortgagee (or principal) any sum for loss or damage under this policy and shall claim that as to the mortgagor or owner no liability thereof exists, this company shall, to the extent of such payment, be thereupon legally subrogated to all of the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or principal) the whole principal due or to grow due on the mortgage, with interest, and shall thereupon receive a full assignment and transfer of the mortgage and all such other securities; but no subrogation shall impair the right of

the mortgagee (or principal) to recover the full amount of its claim." See *Palmer* v. *Niagara Fire Insurance Co.*, 87 *N. J. Eq.* 347.

The defendant has not made any tender of either the $600 amount of the loss or the full amount of the mortgage, and therefore has not asserted its right of subrogation which it has for its protection. The fact that the property has been sold under foreclosure to the plaintiff subsequent to the loss cannot affect the rights of the parties. The mortgage clause itself provides that "the interests of the mortgagee shall not be invalidated by any foreclosure or other proceedings or notice of sale of the property, nor by any change to the title or ownership of the property."

The conclusion I have arrived at seems to be sustained by Vice-Chancellor Foster in the case of *Palmer* v. *McFadden,* 86 *N. J. Eq.* 377 (at *p.* 383).

Judgment will therefore be entered in favor of the plaintiff for the amount claimed.