163 So. 604

**ÆTNA INS. CO. v. BALDWIN COUNTY
BUILDING & LOAN ASS'N.**

**1 Div. 880.**

Supreme Court of Alabama.
Oct. 17, 1935.

——◆——

Stevens, McCorvey, McLeod, Goode &
Turner, of Mobile, and Coleman, Spain,
Stewart & Davies, of Birmingham, for ap-
pellant.

Lloyd A. Magney, of Foley, for appel-
lee.

**FOSTER, Justice.**

This is an action on a policy of fire insurance, tried on an agreed statement of facts, by the court without a jury. The judgment was for plaintiff.

The right to recover is controlled by a single proposition of law. Plaintiff had a mortgage on the property burned, a dwelling house, and the lot on which it was located. The mortgagor paid the premium on the policy issued to her, and had attached to it the New York standard mortgage clause, by which, among other provisions, the loss was payable to plaintiff as mortgagee, as interest may appear, not to be invalidated by any act or neglect of the mortgagor, nor by foreclosure sale of the property nor any change in title or ownership. The house then burned, and thereafter plaintiff, the mortgagee, duly foreclosed its mortgage and became the purchaser of the property for the full amount due on the mortgage debt.

The question here is whether plaintiff was shown to have a right to recover the amount of the loss thus insured, continuing up to the time of the beginning of the suit, or whether his right terminated by the foreclosure sale in which the plaintiff was the purchaser at the full amount of the debt.

There is no allegation in the statement of facts that plaintiff had no notice of the fire at the time of the loss, and repudiated or annulled the sale, if he could being the purchaser. It is therefore distinguished from U. S. Fire Ins. Co. v. Hecht, post, p. 256, 164 So. 65.

■ On the other hand, the statement is made that the mortgage was duly foreclosed and plaintiff became the purchaser. His status thereby became that of owner, and not creditor. National Union Fire Ins. Co. v. Deas, 229 Ala. 477, 158 So. 323; Allison v. Cody, 206 Ala. 88, 89 So. 238; First National Bank v. Elliott, 125 Ala. 646, 653, 27 So. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268.

If the fire loss had occurred after his purchase at the foreclosure sale, it would have been for his benefit, as such owner. Continental Ins. Co. v. Rotholz, 222 Ala. 574, 133 So. 587; Hartford Fire Ins. Co. v. Aaron, 226 Ala. 430, 147 So. 628.

■ The provision in the mortgage clause by which the policy shall not be invalidated as to him by the foreclosure does not refer to a forfeiture of his right after the loss occurred, but to the status existing at the time of the loss. The stipulation is that the insurance shall not be invalidated by such foreclosure; not that thereby the mortgagee may not lose his right to collect the loss by a foreclosure thereafter occurring, and occasioned by his status thus created, upon a consideration of established principles. His interest in the claim for the loss must exist not only at the time of the loss, and that is not diminished by a foreclosure which may have occurred theretofore, but it must also exist at the time of the suit and judgment. A liability may be fixed by the occurrence of the conditions provided for its existence, but after it is thus fixed, it may cease or terminate as to the parties in whose favor it exists, by events thereafter occurring which have that legal effect.

As we view the status of the parties, it is this: When and immediately after the fire occurred, plaintiff was a creditor of Mary Martin in the sum of approximately $1,300. Plaintiff had security for that debt consisting of a mortgage on property and a claim for the loss on the insurance policy. But in no event, and from those or other sources, was he due to collect more than his mortgage debt. He could elect what course to pursue to collect his debt, or pursue them all at the same time. Enforce some or all his collateral and sue the debtor on his personal liability. If the debtor paid him by a voluntary act, all his rights and remedies immediately terminated, and he could not proceed further to enforce any feature of his security. While he had a claim fixed by the fire loss, it was only as security, and it could and would have terminated by such voluntary payment. No one will contend that a creditor may sue on a collateral note after the debt is paid for which he holds it as collateral, though it became due and liability on it was certain and fixed before the principal debt was paid. A debt is as effectually paid whether by the voluntary act of the debtor, or by compulsory proceedings of any sort which have that legal effect. When so, all rights as a creditor immediately terminate. The further rights of the parties will then depend upon the status created by the incidents which

terminate the relation of debtor and creditor. A new relation then begins, controlled by its own terms. Unless by such arrangement the former creditor reserves the ownership or the right to collect the collateral which he held when a creditor, that right terminates with the relation to which it was but an incident.

■] It is a fixed principle that when a mortgagee forecloses his mortgage, and at the sale the property brings, and he collects the full amount of his debt, he is no longer a creditor, but his debt is paid. This is so when he buys at the sale, with due authority, bidding the full amount of his debt. He is then the owner of the property, and not a creditor. There is in the former owner only a statutory right, which is not a property ownership. He has collected his debt as effectually as if another had bought the property and paid him the full amount as purchase money, or if the debtor had paid him in cash of his own accord. Alford v. Southern B. & L. Ass'n, 228 Ala. 412, 153 So. 864; Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Jones v. Meriwether, 203 Ala. 155, 82 So. 185; Harris v. Miller, 71 Ala. 26; Allison v. Cody, 206 Ala. 88, 89 So. 238.

After the foreclosure, he can only collect the balance due on his debt, if any. Ætna Ins. Co. v. Hann, 196 Ala. 234 (8), 72 So. 48.

For the reasons we have discussed, the Court of Appeals and Errors of New Jersey (its court of last resort) came to the same conclusion in Power Bldg. & Loan Ass'n v. Ajax Fire Ins. Co., 110 N. J. Law, 256, 164 A. 410, reversing its Supreme Court holding to the contrary, shown in 158 A. 739, 10 N. J. Misc. R. 272.

The Supreme Court of Arizona (its highest court) observed, "Nor is there merit in the contention that the policy was terminated by the suit to foreclose the real estate mortgage. The breach of the policy, if any, had occurred long before such suit, and the rights of plaintiff thereunder had vested." Pennsylvania Fire Ins. Co. v. Johnson, 28 Ariz. 448, 237 P. 634, 635. But the facts show that after the property was sold in foreclosure, there was a balance of the debt thereby unpaid of $1,182.84, and for that amount plaintiff sued on the policy.

Upon the basis of that case, the Supreme Court of Washington held that the mortgagee could recover on the policy though it was claimed that the debt was extinguished by a dismissal with prejudice of a suit to foreclose after the fire occurred. But the suit was dismissed pursuant to a written agreement between the parties by which the debtor was to have credit for whatever amount the mortgagee could recover on the insurance loss. Gattavara v. General Ins. Co. of America, 166 Wash. 691, 8 P.(2d) 421. So that those cases do not conflict when properly analyzed.

Argument is made that the interest of the mortgagee, which was insured, is in the property and not his debt secured by it, and while his debt is paid, he continues to own the property. A sufficient answer is that his interest in the property, which was insured, is that which existed at the time of the loss. Thereafter there was no more insurance on the property so lost, but there was a moneyed demand, payable to the mortgagee as his interest in that demand appeared. Such interest is affected by the fact of his mortgage and the amount secured by it. In no event did his interest ever exceed the amount of his mortgage debt.

There is no question here involved as to the lack of insurable interest of the mortgagor, as affecting the validity of the interest of the mortgagee thus insured. We have, however, referred to it in some of our cases. Hartford Fire Ins. Co. v. Aaron, 226 Ala. 430, 147 So. 628; American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37. See, also, Imperial B. & L. Ass'n v. Ætna Ins. Co., 113 W. Va. 62, 166 S. E. 841, 97 A. L. R. 1158.

The cases cited by appellee seem to be similar to our Rotholz Case, supra, to the extent that the foreclosure occurred prior to the loss by fire, or are where at the foreclosure sale the full amount of the debt was not paid, or, if paid, there was an agreement by which the mortgagee continued to own the insurance claim as a part payment of the debt.

The judgment of the court for the plaintiff was not in accord with the views we have here expressed. Based upon them, it should have been in favor of defendant, and one is here so rendered.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.