BLOODWORTH, Justice.
The question on this appeal is whether (under Tit. 7, § 728, § 6-5-231, Code 1975) the judgment creditor Coastal Bank can redeem the property sold under mortgage foreclosure from the redemptioner LeMais-tre who effected his redemption more than six months after the sale when no redemption was made by anyone within six months of sale? The answer is no and we affirm.
The facts of this ease are as follows.
On May 20, 1964, Marion E. Weston and wife executed a real estate mortgage on the property to Pilot Life Insurance Company, which mortgage was assumed by Boyd L. Hobbs and wife on February 8, 1968. On November 22, 1974, Pilot Life Insurance Company foreclosed the mortgage and sold the property for $30,600 to Command Construction Company, the highest and best bidder. On December 23, 1974, Command Construction Company conveyed the property to Underwood, Hamner, and Boles for a consideration of $30,600.
Six months having passed, and no one entitled to redeem having sought to effect redemption by giving the notice provided for in Tit. 7, § 728 [now § 6-5-231, Code 1975], Underwood, Hamner, and Boles conveyed the property to George A. LeMaistre by statutory warranty deed, reciting a consideration of $10 and other good and valuable consideration. The record discloses that LeMaistre paid Underwood, Hamner, and Boles a consideration of just under $32,500, which included their purchase price of $30,-600, interest, and certain repairs. On June 13, 1975, George A. LeMaistre and wife executed a real estate mortgage on the property to Security Federal Savings and Loan Association of Tuscaloosa, Alabama. On June 3, 1975, LeMaistre acquired the redemptive rights of Boyd L. Hobbs and wife by a quitclaim deed. At that time, LeMaistre held a promissory note executed by Hobbs to him for $110,000. He testified that on May 23, 1975, he gave Hobbs a credit of $10,000 on the note in consideration of the quitclaim deed.
On November 21, 1975, Coastal Bank filed a bill to redeem from LeMaistre and Security Federal Savings and Loan Association, LeMaistre’s mortgagee. In its original bill, Coastal Bank claimed the right to redeem by virtue of its status as a judgment creditor of Hobbs. It alleged it had been unable to learn the exact amount of the debt and lawful charges, having been unsuccessful in locating Mr. LeMaistre, but offered to pay all lawful and correct charges, depositing with the Register of the Court the sum of $36,000. By amendment to the complaint, Coastal Bank offered to credit the debtor Hobbs upon its judgment (which it alleged was rendered against him on the “16th day of April 1976,”) the sum of $3,060, 10 percent of the amount originally bid under the foreclosure sale. (It is unclear from the record whether the judgment was rendered in “1976” as one certificate states or in “1974” as another certificate indicates.) After a trial, the court held that no redemption of the real estate was effected within six months from the date of the foreclosure sale and that George A. LeMaistre, as the vendee of the debtor, effected a redemption on May 30, 1975, more than six months after the date of the mortgage foreclosure sale, and that Coastal Bank’s attempted redemption from LeMais-tre was contrary to the provisions of Tit. 7, § 728 and was therefore ineffective. The *783 court further held that Coastal Bank’s attempted redemption from LeMaistre did not comply with the provisions of Tit. 7, § 739, in that Coastal Bank did not pay or tender to LeMaistre the amount bid for such land with 10 percent per annum (together with all lawful charges) or offer to credit the debtor upon a subsisting judgment with a sum at least equal to 10 percent of the amount originally bid for the land.
We affirm the trial court’s judgment and hold that since no redemptioner had sought to establish his priority by redeeming within six months from the date of sale, re-demptioner LeMaistre did effect a lawful redemption, and, under the express provisions of § 728, ‘‘the property may not be again redeemed from said redemptioner.” [Emphasis supplied.] In view of this holding, it is unnecessary that we decide whether the trial judge was correct in holding that Coastal Bank’s attempted redemption was not in compliance with Tit. 7, § 739.
In order to fully understand our ratio decidendi, it is necessary to trace the history of our Alabama redemption statutes.
Prior to 1842, there was no statutory right of redemption. In Alabama, a “title state,” the foreclosure of a mortgage effectively cut off the mortgagor’s equity of redemption, and thereafter the mortgagor had nothing. In an obvious effort to relieve mortgagors of such strict forfeiture of title and to prevent the sacrifice of real estate, the legislature, in 1842, passed the first statute authorizing redemption of real estate. The right of redemption was limited to the debtor and to his bona fide creditors. Posey v. Presley, 60 Ala. 243, 250 (1877); Clay’s Digest, 502, § 1, § 2.
Chief Justice Brickell wrote for the Court in Posey v. Presley, supra, “The purpose of the statute is to prevent the sacrifice of real estate at forced sales under judicial process or decrees, or mortgages, or deeds of trust, and to afford the debtor, or his creditors, in payment of his debts, the advantage of any increase in the value of the lands, within the statutory period . . . but it is the benefit of the debtor, whose land is subjected to forced sale, the statute regards, and whatever of benefit enures to the creditor is for the relief of the debtor, and in satisfaction of the demand against him.”
In Clay’s Digest, § 1 provides for a two-year period for redemption to the debtor alone. Section 2, lying in juxtaposition thereto, allows the same right to “bona fide creditors.” It was not long after the statute’s enactment that the Supreme Court rendered its opinion in Thomason v. Scales, et al., 12 Ala. 309 (1847). The Court held that “bona fide creditors” are not creditors at large but are only such creditors as have reduced their debts or demands to judgment. 12 Ala. at 315.
We have already alluded to the fact that in Clay’s Digest only the debtor had the right to redeem in § 1, while the judgment creditor had the right to redeem in § 2. Section 1 was retained more or less in that form until the Code of 1896 when “junior mortgagee, vendee of the debtor, or assign-ee of the equity or statutory right of redemption” were added. Then, in the Code of 1907, the following were added, “wife, widow, child, heir at law, devisee, or any vendee or assignee of the right of redemption under this code,” and this section assumed its present form. See Mr. Justice Brown’s special concurrence in Malone v. Nelson, 232 Ala. 243, 248, 167 So. 714 (1936).
During the period from 1842 to the adoption of the 1923 Code it appears the practice “was more or less a race of diligence between junior encumbrancers as to effecting redemption,” as Mr. Justice Knight points out in Upchurch v. West, 234 Ala. 604, 608, 176 So. 186 (1937). “[A]nd it was no doubt for the purpose of abrogating the harsh rule then existing, which sanctioned this race of diligence, that the Legislature declared and fixed the order and priority in the assertion of the statutory right of redemption” as it did, in adopting §§ 10141 and 10142 as a part of the Code of 1923. Upchurch v. West, supra.
The “harsh rule” alluded to is expressed in this Court’s holding in Allison v. Cody, et al., 206 Ala. 88, 89 So. 238 (1921). The Court followed the rule of Francis v. Sheats, 153 Ala. 468, 45 So. 241 (1907) and held that, under the then existing redemp *784 tion statute, the seasonable exercise of the right of redemption by a third mortgagee operated to invest such redeeming mortgagee with the indefeasible legal title to the land as against all intervening mortgagees. The Court wrote that “[o]ur statutory system of redemption, . . . does not confer upon one junior mortgagee the right to redeem from another junior mortgagee who has exercised the statutory right to redeem .” The Allison decision was rendered on April 21,1921, and it was thereafter that the legislature adopted the Code of 1923, writing in § 10141 and § 10142.
Our present Alabama redemption statutes are contained in Tit. 7, §§ 727-743 (now § 6-5-230 through § 6-5-246 Code 1975).
Section 727 provides that the debtor, junior mortgagee, vendee of the debtor, etc., may exercise the statutory right of redemption within one year from the date of the foreclosure sale. Section 728 provides for priorities and specifies how junior redemp-tioners give notice of their intention to redeem to senior redemptioners before doing so. In the final paragraph of § 728, it is further provided that:
“Where no redemption is made as provided in this section within six months from the day of sale, anyone entitled to redeem may do so thereafter without giving notice provided for herein, and the property may not be again redeemed from said redemptioner." [Emphasis supplied.]
The plain and obvious meaning of the last sentence of § 728 is that, where no redemption is made within six months from the date of sale, notice does not have to be given by a junior' redemptioner to a senior redemptioner if he waits to redeem until the six months has passed, and then no other such redemptioner may redeem from him.
Moreover, this is the clear holding of our cases. In Upchurch v. West, supra, the Court held, viz:
“Our recent case of Long et al. v. King, 233 Ala. 379, 171 So. 738, recognized that section 10141 of the Code [Tit. 7, § 728, Code 1940; § 6-5-231, Code 1975] wrought a change in the existing law as to assertion of the statutory redemption between the several parties upon whom the statute conferred the right, and in construing this statute we held that within the year [now six months] immediately following the sale there could be no race of diligence between the different persons upon whom the statute conferred the right to redeem, but after the expiration of the year [six months] any one could redeem and secure thereby an indefeasible title. The holding in the Long Case, supra, lends support to the conclusions here reached, certainly it in no wise conflicts with anything held herein. In that case a junior mortgagee, having failed to timely exercise his prior right to redeem, lost his right to an heir who had redeemed after the expiration of the year, but before the lapse of the two years.” [Emphasis ours.]
Appellant agrees as to the foregoing construction but states that this construction is limited to that class of redemptioners set out in § 727, namely, the debtor, junior mortgagee, vendor of the debtor, etc. In other words, appellant concedes that neither the debtor, junior mortgagee nor vendor of the debtor (under the facts in this case) could redeem from another in the same class of redemptioners set out in § 727. But, appellant would say that its purported redemption, as a judgment creditor under § 735, falls into a different class. Appellant reads § 7S5 as giving it, as a judgment creditor, a right which no one named in § 727 possesses.
We think the appellant’s interpretation is erroneous. The primary purpose of our redemption statutes is for the benefit of the debtor. It is to give the debtor first, and then the others mentioned, the advantage of any increase in value of the lands during the period allowed for redemption after the sale of the property. Posey v. Presley, supra. As Chief Justice Brickell wrote in that case, “. . . it is the benefit of the debtor, whose land is subjected to forced sale, the statute regards, and whatever of benefit enures to the creditor is for the relief of the debtor, and in satisfaction of the demand against him.”
*785 If the redemption statutes are fundamentally for the benefit of the debtor and his vendee (appellee), why would the judgment creditor (appellant) be given a greater right than that accorded the debtor himself and his vendee?
The answer to this question lies in the plain meaning of the redemption statutes — the judgment creditor stands in no higher position than the debtor who has the paramount right to redeem and the debtor may, .as he has done in this case, convey his privileged position to his vendee, Mr. LeMaistre.
Thus, the purported further redemption from LeMaistre by Coastal Bank must fail because of the express provisions of the last sentence of Tit. 7, § 728.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER, J., dissents.