IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 

JPMORGAN CHASE BANK, N.A., ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) Case No: 3:19-cv-872-RAH 
 ) (WO) 
TERILL DRAKE and COUNTRY ) 
CASUALTY INSURANCE ) 
COMPANY, ) 
 ) 
 Defendants. ) 

 MEMORANDUM OPINION AND ORDER 
 This matter concerns the “foreclosure-after-loss” rule and in particular, 
Plaintiff JPMorgan Chase Bank, N.A.’s (the mortgagee) efforts to obtain insurance 
proceeds issued after the insured and mortgaged property, formerly owned by 
Defendant Terill Drake (“Drake”), was destroyed in a fire. Pending before the Court 
is JPMorgan Chase Bank, N.A.’s (“JPMorgan”) Motion for Default Judgment 
Against Terill Drake (“Default Motion”), (Doc. 16), and Motion for Summary 
Judgement, (Doc. 23), on the sole claim for relief; that is, a declaratory judgment 
that JPMorgan is entitled to the full amount of the insurance proceeds at issue against 
any right or interest that Drake may claim. For good cause shown, both of 
JPMorgan’s motions are due to be GRANTED. 
 BACKGROUND 
 The facts in this case are straightforward and generally without dispute, even 

under the default judgment standard by which this Court must view the facts as 
applicable to Drake. 
 On April 3, 2009, Drake executed a Note in the original principal amount of 

$88,740.00 (the “Note”) payable to American Southwest Mortgage Corp. 
(“American Southwest”) and its transferee. (Doc. 1-1, at 2-4; Doc. 23-1, at 6-8.) The 
Note was secured by a Mortgage (the Note and Mortgage, collectively, the “Loan”), 
executed in favor of Mortgage Electronic Registration Systems, Inc. (“MERS”), 

acting solely as nominee for American Southwest and its successor and assigns, on 
real property located at 216 Franklin Road, Roanoke, Alabama 36274 (the 
“Property”). (Doc. 1-2; Doc. 23-1, at 1-19.) The Note subsequently was endorsed 

and transferred to JPMorgan, and the Mortgage assigned to JPMorgan as well. (Doc. 
1-1, at 4; Doc. 1-3; Doc. 23-1 at 21.) 
 Pertinent to the issues in this lawsuit, the Mortgage required Drake to procure 
hazard insurance coverage with a policy that contained a “standard mortgage clause” 

and a policy that named the lender (here, JPMorgan) as a mortgagee and/or an 
additional loss payee. (Doc. 1-2, at 5, § 5; Doc. 23-1, at 13, § 5.) Section 5 of the 
Mortgage also provided that if the lender acquired the property via a Section 22 

remedy (i.e., foreclosure), Drake assigned to the lender all of Drake’s “rights to any 
insurance proceeds in an amount not to exceed the amounts unpaid under the Note 
or this Security Instrument” and granted the lender authority to “use the insurance 

proceeds . . . to pay amounts unpaid under the Note or [the Mortgage].” (Doc. 1-2, 
at 5, § 5; Doc. 23-1, at 13, § 5.) 
 On August 23, 2015, the structures on the Property were destroyed in a fire. 

(Doc. 1, at 3; Doc. 23-2, at 2.) At the time of the fire loss, the Property was insured 
by an insurance policy, Policy No. CK7382416 (the “Policy”), issued by Defendant 
Country Casualty Insurance Company (“Country Casualty”). (Doc. 1, at 3; Doc. 23-
2, at 3-44.) The Policy listed Drake as the insured and JPMorgan as the mortgagee. 

(Doc. 23-2, at 4-5.) At that time, Drake owed $93,681.16 on the Loan. (Doc. 23-1, 
at 4, 34.) 
 Country Casualty adjusted the loss and issued payment in the amount of 

$80,724.46, jointly payable to Drake and JPMorgan. (Doc. 1, at 4.) That payment 
has not been endorsed or deposited by JPMorgan due to Drake’s refusal to endorse 
the payment1 over to JPMorgan. (Doc. 1, at 4.) 
 After a default on payments by Drake, on January 30, 2018, JPMorgan 

foreclosed on the Property. (Doc. 1, at 4; Doc. 23-1, at 3-4, 31-32.) JPMorgan was 

1 Country Casualty has actually issued two claim checks: the initial check and then a replacement 
check after the initial check went stale. 
the highest and best bidder at auction with a cash bid of $5,680, and acquired the 
Property via a foreclosure deed. (Doc. 1, at 4; Doc. 23-1, at 3-4, 31-32.) 

 After crediting the proceeds from the foreclosure sale, Drake’s outstanding 
indebtedness amounted to $88,001.16.2 (Doc. 1, at 5.) That amount remains unpaid. 
 APPLICABLE LEGAL STANDARD 
 Pursuant to Fed. R. Civ. P. 56(c), summary judgment is proper “if the 
pleadings, depositions, answers to interrogatories, and admissions on file, together 

with the affidavits, if any, show that there is no genuine issue as to any material fact 
and that the moving party is entitled to a judgment as a matter of law.” Celotex 
Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment 

“always bears the initial responsibility of informing the district court of the basis for 
its motion, and identifying those portions of the ‘pleadings, depositions, answers to 
interrogatories, and admissions on file, together with the affidavits, if any,’ which it 

believes demonstrate the absence of a genuine issue of material fact.” Id. at 323. 
 The movant may meet this burden by presenting evidence showing there is no 
dispute of material fact, or by showing that the nonmoving party has failed to present 
evidence in support of some element of its case on which it bears the ultimate burden 

2 Drake apparently ceased making payments on the Loan in April 2014. (Doc. 23-1, at 23.) A 
notice of default was mailed to Drake on May 4, 2016 and a notice of acceleration on June 9, 2016. 
(Doc. 23-1, at 23, 28.) The record is unclear as to the precise amount actually owed by Drake at 
the time of the foreclosure, but no evidence is presented suggesting that Drake made any payments 
after the date of the fire loss. Assuming that to be the case, the amount owed by Drake would be 
no less than $88,001.16, i.e., $93,681.16 less $5,680. 
of proof. Id. at 322-24. If the movant succeeds in demonstrating the absence of a 
material issue of fact, the burden shifts to the non-movant to establish, with evidence 

beyond the pleadings, that a genuine issue material to the non-movant’s case exists. 
See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993); see also 
id. at 1116, n. 3 (discussing FED. R. CIV. P. 56(e)) (“When a motion for summary 

judgment is made and supported ... an adverse party may not rest upon the mere 
allegations or denials of [his] pleading, but [his] response ... must set forth specific 
facts showing that there is a genuine issue for trial.”). What is material is determined 
by the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 

U.S. 242, 248 (1986). 
 A dispute of material fact “is ‘genuine’ ... if the evidence is such that a 
reasonable jury could return a verdict for the nonmoving party.” Id. at 248. The non-

movant “must do more than simply show that there is some metaphysical doubt as 
to the material facts.” Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 
574, 586 (1986). Rather, the non-movant must present “affirmative evidence” of 
material factual conflicts to defeat a properly supported motion for summary 

judgment. Anderson, 477 U.S. at 257. If the non-movant’s response consists of 
nothing more than conclusory allegations, the court must enter summary judgment 
for the movant. See Holifield v. Reno, 115 F.3d 1555, 1565, n. 6 (11th Cir. 1997); 

Leigh v. Warner Bros., 212 F.3d 1210, 1217 (11th Cir. 2000). 
 However, if there is a conflict in the evidence, “the [plaintiff’s] evidence is to 

be believed and all justifiable inferences are to be drawn in his favor.” Anderson, 
477 U.S. at 255; Molina v. Merritt & Furman Ins. Agency, 207 F.3d 1351, 1356 
(11th Cir. 2000). After the nonmoving party has responded to the motion for 

summary judgment, the court must grant summary judgment if there remains no 
genuine issue of material fact and the moving party is entitled to judgment as a matter 
of law. FED. R. CIV. P. 56(c). 
 ARGUMENT 

 In its count for declaratory relief, JPMorgan “requests this Court enter a 
declaratory judgment directing that Country Casualty cancel any previous check(s) 
and disburse the insurance funds directly to Chase to partially satisfy Ms. Drake’s 

indebtedness, and further requests all other relief, legal or equitable, that it may be 
entitled to, or that the Court deems just and proper.” (Doc. 1, at 6.) The primary 
basis for this request is JPMorgan’s position that, due to the “foreclosure-after-loss” 
rule, the assignment of proceeds clause in the Mortgage, and the fact that the 

outstanding indebtedness exceeds the amount of the insurance proceeds, JPMorgan 
has sole right in the insurance proceeds over any interest that Drake may have or 
claim. From that springs JPMorgan’s position that it is entitled to have the previous 

insurance checks canceled and a directive issued to Country Casualty to reissue the 
fire loss payment solely to JPMorgan so that the proceeds can be applied against 
Drake’s outstanding post-foreclosure indebtedness owed to JPMorgan. Given the 

record before the Court, the “foreclosure-after-loss” rule, and Drake’s failure to 
defend this action or voice any opposition to JPMorgan’s requested relief, the Court 
will grant JPMorgan’s two pending motions. 

1. JPMorgan’s Motion for Default Judgment 
 The first order of business is JPMorgan’s Default Motion against Drake. The 
record shows that Drake was personally served with the Summons and Complaint 

on February 23, 2020. (Doc. 13; Doc. 14.) The record also shows the court clerk’s 
entry of default against Drake on April 28, 2020. (Doc. 15.) Therefore, JPMorgan’s 
request for a default judgment is ripe for consideration. 

 Once a default is entered, as is the case here, a plaintiff may seek entry of a 
default judgment against the defaulting defendant. See Fed. R. Civ. P. 55(b). By 
defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a 
plaintiff’s complaint. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 

F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu Const. Co., Ltd. v. Houston 
Nat’l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as 
true, conclusions of law are not; a sufficient basis to state a claim must still exist in 

the pleadings before a court may enter a default judgment. Nishimatsu, 515 F.2d at 
1206. Whether a complaint supports “a sufficient basis” for a default judgment has 
been interpreted as the same standard that is applied on a motion to dismiss for 
failure to state a claim. Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 

(11th Cir. 2015) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 
41 (11th Cir. 1997) (“[A] default judgment cannot stand on a complaint that fails to 
state a claim.”)). Thus, the Court must look to see if the Complaint “contain[s] 

sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible 
on its face.’” Surtain, 789 F.3d at 1245. (citations omitted). This plausibility 
standard is met “when the plaintiff pleads factual content that allows the court to 
draw the reasonable inference that the defendant is liable for the misconduct 

alleged.” Id. (citation omitted). 
 While generally the Court’s default analysis is similar to that for a motion to 
dismiss, the facts set forth in JPMorgan’s Complaint are further substantiated here 

because JPMorgan also has moved for summary judgment against Country Casualty, 
and with that motion, has presented sworn testimony and authenticated documents 
in support of its position. Accordingly, as will be discussed in more detail later, the 
Court is satisfied that the requested relief against Drake is due to be granted, not just 

because of the inferences and findings that attend a default judgment, but also 
because the evidentiary submission of JPMorgan in support of its summary 
judgment motion commands it. Therefore, JPMorgan’s Default Motion against 

Drake will be granted for the reasons more particularly described below. 
2. The Declaratory Judgment Claim 

 As it concerns the merits of JPMorgan’s requested relief, the undisputed facts 
clearly set the stage for application of the foreclosure-after-loss rule. 
 The Alabama Supreme Court established the foreclosure-after-loss rule in 
Aetna Ins. Co. v. Baldwin County Bldg. & Loan Ass’n, 163 So. 604 (1935). The rule 

provides that “if there is a foreclosure upon mortgaged property after the property 
has sustained a loss or damage, the mortgagee may elect one of two remedies. The 
mortgagee may collect the insurance proceeds arising from the damage to the 
property, in satisfaction of the full mortgage debt, up to the limits of the policy. 

Alternatively, the mortgagee may seek repayment through a foreclosure sale. If the 
sale does not fully satisfy the debt, the mortgagee may recover the balance from 
the insurance proceeds. If, however, the sale does satisfy the debt, the mortgagee 

has no further claim upon the insurance proceeds.” American Fire and Indem. Co., 
Inc. v. Weeks, 693 So. 2d 1386, 1388 (Ala. 1997) (internal citations omitted). 
 Here, the pertinent facts are without dispute. First and foremost, JPMorgan is 
the mortgagee and acquired ownership of the Property via foreclosure. The 

foreclosure occurred after the fire and resulted in only partial satisfaction of the 
outstanding indebtedness owed to JPMorgan. Further, the outstanding post-
foreclosure indebtedness, $88,001.16, exceeds the amount of the insurance proceeds, 

$80,724.46. Since “the sale [did] not fully satisfy the debt, [JPMorgan] may recover 
the balance from the insurance proceeds.” Id. at 1388. Therefore, under the 
foreclosure-after-loss rule, JPMorgan is entitled to all of the insurance proceeds. 

 As an additional basis for its right to the proceeds, JPMorgan also points to 
the language in the Mortgage whereby Drake expressly agreed to and assigned to 
JPMorgan all of Drake’s “rights to any insurance proceeds in an amount not to 

exceed the amounts unpaid under the Note or this Security Instrument.” (Doc. 1-2, 
at 5, § 5; Doc. 23-1, at 13, § 5.) Such provisions have been recognized as valid 
assignments by mortgagors of their rights to insurance proceeds. See, e.g., Moreno 
v. Wells Fargo Bank, N.A., No. 18-CV-2760, 2020 WL 362799, at *6 (D. Minn. Jan. 

22, 2020); James v. Allstate Property and Casualty Insurance Company, No. 2:15-
cv-12224, 2017 WL 5661343, *5 (E.D. Mich. Sept. 12, 2017); see also Wilmington 
Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust A v. Otieno-

NGOJE, No. 2:16-05631, 2020 WL 747066, *4 (D.N.J. Feb. 14, 2020). 
 In summary, both the foreclosure-after-loss rule and the assignment of 
proceeds provision in the Mortgage justify the basis for JPMorgan’s requested 
declaratory relief; that is, JPMorgan’s right to the entire amount of the insurance 

proceeds over any claim or interest of Drake. Since neither Country Casualty nor 
Drake opposes JPMorgan’s requested relief, and since Drake has chosen not to 
defend this action, the Court concludes that JPMorgan is entitled to recover the entire 

amount of the insurance proceeds, $80,724.46. Moreover, since Drake has 
previously failed to endorse the prior insurance payment over to JPMorgan despite 
JPMorgan’s requests for her to do so, the Court also grants JPMorgan’s requested 

relief that Country Casualty re-issue payment in the amount of $80,724.46 solely to 
JPMorgan. 
 CONCLUSION 

 For the reasons set forth herein, Plaintiff JPMorgan Chase Bank, N.A. is 
entitled to the declaratory relief requested in its Complaint. Accordingly, it is hereby 
ORDERED as follows: 
 1. Plaintiff JPMorgan Chase Bank, N.A.’s Motion for Summary Judgment 

(Doc. 23) is due to be and is hereby GRANTED; 
 2. Plaintiff JPMorgan Chase Bank, N.A.’s Motion for Default Judgment 
(Doc. 16) against Terill Drake is due to be and is hereby GRANTED. 

 3. All rights and interest in the $80,724.46 in insurance proceeds is hereby 
awarded to JPMorgan Chase Bank, N.A. As such, Defendant Country Casualty 
Insurance Company shall re-issue a check (or make payment electronically) in the 
amount of $80,724.46 payable solely to JPMorgan Chase Bank, N.A. and shall, if 

not done already, cancel all previous checks jointly issued to Drake and JPMorgan 
Chase Bank, N.A. associated with the insurance claim. Once in receipt of the funds, 
JPMorgan Chase Bank, N.A. shall apply the insurance funds against the outstanding 

indebtedness of Terill Drake under the Loan. 
4. No costs are taxed. 
5. A separate judgment will be issued. 

DONE, this 9th day of October, 2020. 

 /s/ R. Austin Huffaker, Jr. 
 R. AUSTIN HUFFAKER, JR. 
 UNITED STATES DISTRICT JUDGE