## ALBERT H. ROOT v. JOHN KING ET AL.

*Equity—Mistake—Mortgage foreclosure—Setting aside sale*

By an honest mistake as to the situation of two lots, they were bid in separately, at a statutory foreclosure of a mortgage covering both, for $500 each, the purchaser supposing that there was a dwelling-house on each lot, when in fact both houses were upon one of the lots, which was worth about $1,000, while the other lot was worth about $100. A third party, with full knowledge of the facts, and without the payment of any consideration, obtained a quitclaim deed of the premises with the intention of redeeming the $1,000 lot, and to that end made a tender of the amount bid thereon, with interest. Complainant filed a bill to set aside the foreclosure sale and for the foreclosure of the mortgage, and a decree in his favor, granting the relief sought, is affirmed.

Appeal from Bay. (Cobb, J.) Argued April 21, 1892. Decided May 6, 1892.

Bill to set aside a statutory foreclosure and foreclose the mortgage. Defendant King appeals. Decree affirmed. The facts are stated in the opinion.

*T. A. E. & J. C. Weadock,* for complainant.

*James Van Kleeck,* for appellant.

GRANT, J. Defendant Beebe and wife, being the owners of lots 11 and 12, executed a mortgage upon them to Laura A. Root for $900. She foreclosed the mortgage by advertisement, and the sale took place June 6, 1889. Complainant, as her agent, attended the sale, and bid in the lots for $500 each. After the sale she deeded the premises to complainant.

The lots are situated at the corner of Fremont avenue and Stanton street. There are two houses upon them, fronting Fremont avenue. At the sale complainant understood that the lots ran north and south, and fronted on Fremont avenue; but in fact they ran east and west, and fronted on Stanton street. Both the houses were therefore on lot 12, and were built very close to the north line of lot 11. Lot 12, with the houses thereon, was worth about $1,000, while lot 11 was in fact worth only about $100. Just before the time for redemption had expired, defendant King obtained a quitclaim deed of the premises from the grantee of Beebe. He had for some time been the agent for his grantor. He paid nothing for the land, and took the deed with the full knowledge of all the facts and circumstances of the sale, and with the intention to redeem only from the sale of lot 12, upon which he tendered complainant the amount bid, with interest. On ascertaining the mistake he had made in the situation of these lots, complainant filed the bill in this cause to set aside the former sale and to foreclose the mortgage. Decree was entered in the court below in favor of complainant, and defendant King appeals.

Defendant insists that there was no mutual mistake; that the mistake was that of complainant alone, and therefore he cannot recover. The mistake was not in the relative value of the lots, but in their situation, and, under the circumstances, we do not think the complain-

ant should suffer. Had he known the situation, and mistaken the value, the defendant's position would undoubtedly be correct. Defendant King stands in no better position than his grantor; for he purchased with knowledge, and without consideration. His claim is without equity. He seeks to deprive complainant of the full benefit of his security on account of an honest mistake of fact.

The decree of the court below was correct, and is affirmed, with costs.

LONG and MONTGOMERY, JJ., concurred. MORSE, C. J., did not sit. McGRATH, J., took no part in the decision.