194 So. 515

### ELLIOTT v. VANCE et al.
### 6 Div. 575.

Supreme Court of Alabama.
March 7, 1940.

Ellis, Lindbergh & Ellis, of Birmingham, for appellant.

Mark L. Taliaferro, of Birmingham, for appellees.

BOULDIN, Justice.

This litigation involves the title and interest of the parties in sixteen (16) shares of the Capital Stock of Phelps-Dodge Corporation of New York, represented by stock certificate No. 24862.

The issues on this appeal may probably be best shown by a brief statement of events in chronological order:

In 1932, Emily R. McBride, the owner of this stock, wishing to raise money on it, delivered the certificate to her agent, L. W. Gibbons, who in turn delivered it to J. J. Elliott, the printed form of assignment on the back signed "Miss Emily R. McBride" in presence of "L. W. Gibbons." The name of assignee and date were left blank.

In 1935, a dispute arose as to whether the stock had been sold outright to Elliott, or merely held by him as collateral for a loan. Miss McBride contended she had not authorized Gibbons to sell the stock, but merely to use it as security to obtain a loan. Gibbons claimed he was authorized to sell it outright, and did so, after seeking to get a loan on it. Elliott paid $31, which Miss McBride received, and never repaid.

This controversy culminated in a suit by Miss McBride against Elliott and Gibbons in detinue and trover.

This suit was brought in the Jefferson County Court of Common Claims, resulting in a judgment for plaintiff against defendant Gibbons for $250, "debt and damages," and a judgment in favor of defendant Elliott. The judgment for damages, so far as appears, was never satisfied. Thus matters stood from May 28, 1934, the date of the judgment, until August 29, 1938, when J. J. Elliott filed the present bill in equity. Meantime, Miss McBride had

died. Her sole heir and personal representative came into the litigation.

The bill alleges an outright purchase and present ownership of the stock for $31 paid to Gibbons, agent; further alleges that for want of a properly executed transfer or assignment, complainant was unable to have the stock transferred on the books of the corporation; and further alleges suit was brought in detinue in the Jefferson County Court of Common Claims, resulting in judgment for this complainant, but that Miss McBride still refused to correct the assignment. The bill prays for a decree adjudicating complainant's ownership of the stock and for general relief.

The administrator of the estate of Miss McBride by answer and cross-bill alleged complainant had no other or different title in the stock than as pledgee as collateral for a loan, prayed for a decree authorizing a redemption and surrender of the stock to cross-complainant.

By further pleading both parties claimed the judgment in the Court of Common Claims was evidence in their favor. Complainant alleged such proceeding was res adjudicata of his ownership, or, in any event, was an election of remedies cutting off relief by way of redemption sought in the cross-bill.

Cross-complainant controverted this position, and alleged that judgment was res adjudicata on the issue of conversion by Gibbons, adjudged he was without authority to sell the stock, and complainant acquired no further rights than he was empowered to contract, namely, the right of a pledgee, etc. The trial court sustained this latter view, and entered a decree accordingly.

The evidence on the hearing of this cause discloses clearly that the issue of fact actually tried in the Court of Common Claims was the authority of Gibbons to sell this stock on the one hand, and his limited authority to procure a loan upon it as collateral on the other hand. This issue was within the pleadings, the count in trover. That it was res adjudicata as to parties before the court defending on the Gibbons' authority to sell seems clear. We see no reason to question that Elliott was also defending the trover action on the same grounds.

True, the issues were decided in Elliott's favor on both counts. To accord any consistency to the finding of the judge of the Court of Common Claims, it must be inferred he considered Elliott at the time of suit brought had done no more than he of right could do as the holder of the stock as collateral. Although he in good faith took the stock as a purchaser, he had such rights as Gibbons was empowered to confer. We are not concerned with whether the Court of Common Claims was in error in holding Elliott could defend on claim of title by purchase through Gibbons without becoming liable with Gibbons in trover.

In any event, the judgment for Elliott in general terms, did not, without more, conclude the plaintiff in that suit on the doctrine of res adjudicata.

Touching the count in detinue the record in that suit discloses Elliott interposed a plea of disclaimer, to which demurrer was overruled. True, it appears this plea was not sworn to, but the court declined to strike it on demurrer because Elliott, by reason of sickness, was not able to attend court and make oath thereto. Again, we are not concerned with the correctness of such ruling. The plea of disclaimer was in and treated as good. This, under our detinue statute, cast on the plaintiff the burden to prove Elliott did have possession of the certificate of stock when suit brought. Code, § 7405.

For aught appearing, in the absence of Elliott, plaintiff could not make this proof. Obviously, for this reason, if not for the further reason that in any event Elliott had the right to retain the stock as security for a loan, the judgment on the detinue count was not res adjudicata of the title to this stock.

The chief contention of appellant on this appeal is based on the doctrine of election of remedies.

"The doctrine of election of remedies rests, as has been previously shown, upon the principle that one may not take contrary positions and that where he has a right to choose one of two or more modes of redress, and such modes are so inconsistent that the assertion of one involves a negation or repudiation of the other or others, the deliberate and settled choice of one will preclude him from going back and electing again. Thus, it seems to be well established that where a party, with knowledge of the facts, and in the absence of fraud or imposition, once makes an election between inconsistent remedies and

the one chosen by him is not a mistaken remedy, his election is final, conclusive and irrevocable and constitutes an absolute bar to any action, suit, or proceeding inconsistent with that asserted by the election." 18 Am.Jur. p. 167, § 51.

The entire doctrine of election of remedies and its application is fully treated in the chapter on "Election of Remedies," beginning on page 127. See, especially, § 3, pp. 129, 130; § 11, 12, pp. 134, 135; § 48, p. 166, treating specially actions of replevin.

Our cases are in harmony with this text.

Thus, in Mobile Towing & Wrecking Co. v. Hartwell, 208 Ala. 420, 95 So. 191, one brother had, without authority, sold the other brother's stock. The latter sued the former for the value of the stock, alleging that the defendant was not in position to return the stock, and it was lost to plaintiff. We held this was an election to ratify the sale, inconsistent with a later suit to avoid the sale and reclaim the stock, and, therefore, the erstwhile owner was concluded by his election of remedies.

To like effect is Lytle & Co. v. Bank of Dothan, 121 Ala. 215, 216, 26 So. 6.

· The case of McQuagge Bros., Inc., et al. v. Thrower, 214 Ala. 582, 583, 108 So. 450, 451, rests upon a somewhat different type of estoppel, well expressed in 21 C. J. 1226, § 229, saying: "'A party is estopped to make a defense or objection inconsistent with a position previously asserted by him, which position was successfully maintained.' 21 C.J. 1226, § 229."

▮ Neither the suit in trover or detinue was inconsistent with the claim of title asserted in this suit; indeed, was based on the same claim of title.

True, on satisfaction of the judgment in trover, the title would have been divested, but payment is not shown, and from all the record it may be affirmatively inferred it was never paid.

To meet a suggestion made in brief to the effect that this judgment may still be paid, and have like effect, we would now · say:

It is too late after a decree granting proper relief as matters stand. However, it would be proper, although Mr. Gibbons is not a party to this suit, to decree a satisfaction of the judgment against him to be entered on the record. This upon

the offer and duty to do equity in the premises.

The decree will be here modified accordingly.

Modified and affirmed.

GARDNER, THOMAS, and FOSTER, JJ., concur.