This is the second appeal of this case. The first was dismissed because of the absence of a final judgment. Kelley v.U.S.A. Oil Corp., 363 So.2d 758 (Ala. 1978).
Subsequently an appealable judgment was entered and Garland Kelley brings this second appeal contending the trial court erroneously granted summary judgment for one of the defendants, Ray Dupree.
Kelley was hired by Ray Dupree to work as a night manager at a U.S.A. Oil Corporation service station. Kelley alleges that he was paid $100 per week and that the checks were made payable to his wife, who assisted him at the service station. The reason for this payment arrangement is not clear from the record.
On October 29, 1975, Kelley, while at work, sustained injuries from a gunshot during a robbery of the service station. On March 26, 1976, he filed suit for damages, alleging that U.S.A. Oil was negligent in failing to provide him with a safe place to work. He later amended the complaint by adding Ray Dupree as a defendant. Subsequent amendments to the complaint added counts under the Employer's Liability Act and the Workmen's Compensation Act. Kelley also filed a petition under oath seeking employment of an attorney under the Workmen's Compensation Act. In this petition he alleges that he was employed by U.S.A. Oil.
Both defendants filed motions for summary judgment. Summary judgment was granted in favor of Ray Dupree and U.S.A. Oil on all claims, except the workmen's compensation claim against U.S.A. Oil. However, on April 24, 1979, the claim against U.S.A. Oil for workmen's compensation benefits was settled and a pro tanto release executed.
The question for our consideration is whether Kelley is entitled to proceed against Ray Dupree, as his employer, under the Alabama Employer's Liability Act or the common law, after he has settled his workmen's compensation claim with U.S.A. Oil.
Kelley has asserted that both U.S.A. Oil and Dupree were his employers. Kelley received $1,250 from U.S.A. Oil Corporation in settlement of his claim against the corporation. This settlement occurred after summary judgment was entered, but before the appealable judgment was rendered.
Under the facts of this case Kelley could have but one employer. Where a party, with knowledge of the facts makes an election between two inconsistent theories of recovery such election shall be binding upon him. Elliot v. Vance, 239 Ala. 180,194 So. 515 (1940); Harris v. Louisville N.R. Co.,237 Ala. 366, 186 So. 771 (1939); Fidelity Deposit Co. ofMaryland v. Art Metal Const. Co., 162 Ala. 323, 50 So. 186
(1909).
If an employee elects to be compensated under the Workmen's Compensation Act, then Code 1975, § 25-5-53, provides that: "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee. . . ." Kelley's acceptance of payment from U.S.A. Oil Corporation, in settlement of his workmen's compensation claim, should be considered as having the same effect as the acceptance of compensation payments under the Workmen's Compensation Act. It has been held that this constitutes an election estopping him from resorting to any other remedy. National Cast Iron Pipe Co.v. Higginbotham, 216 Ala. 129, 112 So. 734 (1939).
At the time summary judgment was entered Kelley had not settled with U.S.A. Oil. We pretermit deciding whether summary judgment was appropriate at the time it was entered. It was clearly appropriate after settlement with U.S.A. Oil and we are of the opinion that Kelley does not now have a valid claim against Dupree. The law does not require a futile act; therefore we affirm the summary judgment even *Page 1373 
though a fact necessary to its validity occurred after its entry.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.