ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from summary judgment.
In October 1988 Charles T. Bolling executed a real estate mortgage to Chrysler First Financial Services Corporation (Chrysler), securing a principal indebtedness of $9,700. The mortgage covered a certain piece of land, upon which a dwelling house was located. In the mortgage, Mr. Bolling agreed to insure the premises.
Two days after the mortgage was executed, Baldwin Mutual Insurance Company (Baldwin Mutual) issued a fire insurance policy on the property, naming Charles Bolling as the insured and Chrysler as the mortgagee.
Charles Bolling died in February 1990. His mother, Cassie P. Bolling, was appointed as administratrix of the estate and is presently serving in that capacity.
Sometime before May 7, 1990 the estate of Charles Bolling defaulted on payment of the mortgage. Chrysler subsequently ordered a pre-foreclosure inspection of the property and estimated the value of the property and dwelling house at about $9,700. On May 7 Chrysler began publishing a foreclosure notice in a local paper.
The dwelling house located on the mortgaged property was destroyed by fire on May 24, 1990. Chrysler bought the property at the foreclosure sale five days later for $11,357.22; this sum represented all principal, interest, attorney’s fees, and costs of foreclosure on the land. At the time of the foreclosure sale, Chrysler had no knowledge that the dwelling house had been destroyed by fire.
Acting as administratrix of the Bolling estate, Mrs. Bolling subsequently filed a claim for the proceeds due under Charles Bolling’s fire insurance policy. Mrs. Boll-ing refused to accept a two-party check, issued to Chrysler and her for the proceeds; instead, she demanded that payment be made solely to her.
*732 In October 1990 Baldwin Mutual filed a complaint in interpleader asking the trial court to determine whether the proceeds of Charles Bolling’s fire insurance policy should be paid to Mrs. Bolling only, to Chrysler as the listed mortgagee, or to both. Mrs. Bolling subsequently filed a cross-complaint against Chrysler seeking to establish her sole entitlement to the proceeds. Chrysler filed a cross-claim against Mrs. Bolling, asking the trial court to set aside the foreclosure sale and thereby return the parties to the same position they occupied before the sale. Chrysler also alleged that it alone was entitled to the insurance proceeds.
Both Mrs. Bolling and Chrysler filed motions for summary judgment, which were briefed and argued before the trial court. In August 1991 the trial court granted Mrs. Bolling’s motion for summary judgment and awarded her the insurance proceeds. This appeal ensued.
It is well settled that summary judgment is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). Here, there exists no real dispute as to the material facts of the case. The issue on appeal is whether the trial court misapplied the law in determining that Chrysler had no entitlement to the proceeds of the fire insurance.
The trial court based its judgment upon the “foreclosure after loss” rule, as established by the Alabama Supreme Court in Aetna Ins. Co. v. Baldwin County Bldg. & Loan Ass’n, 231 Ala. 102, 163 So. 604 (1935). The rule states that if there is a foreclosure upon mortgaged property after the property has sustained a loss or damage, the mortgagee may elect one of two remedies. First, the mortgagee may collect the insurance proceeds arising from the damage to the property in satisfaction of the full mortgage debt, up to the limits of the policy. In the alternative, the mortgagee may seek repayment through a foreclosure sale. If the sale does not fully satisfy the debt, the mortgagee may recover the balance from the insurance proceeds; however, if the sale does satisfy the debt, the mortgagee has no further claim upon such proceeds. Baldwin.
Chrysler argues that the rule set out in Baldwin does not apply if the mortgagee has no actual knowledge of the loss on the property. Chrysler points out that it did not have such knowledge before its foreclosure, and thus could not make an informed election between the two available remedies. In view of this, Chrysler contends that the trial court should have used its equity jurisdiction to revoke the results of the foreclosure sale and thereby allow it to elect a more favorable remedy.
We agree that in the “foreclosure after loss” situation it is presumed that the mortgagee will take into account the damaged condition of the property before electing between its two available remedies. Nationwide Mutual Fire Ins. Co. v. Wilborn, 291 Ala. 193, 279 So.2d 460 (1973). See also Allstate Ins. Co. v. James, 779 F.2d 1536 (11th Cir.1986). The rule also assumes that an intelligent and deliberate choice will be made in the absence of fraud and with the knowledge or means of knowledge of the surrounding facts and the available remedies. James; Kelley v. Dupree, 376 So.2d 1371 (Ala.1979); see generally Elliot v. Vance, 239 Ala. 180, 194 So. 515 (1940); Harris v. Louisville & N.R.R., 237 Ala. 366, 186 So. 771 (Ala.1939); 28 Am.Jur.2d, Election of Remedies, §§ 21, 23 (1941).
Baldwin and its progeny illustrate that such knowledge is crucial to the mortgagee in a foreclosure-after-loss situation. However, these cases do not suggest that the mortgagor or any other party has the duty to provide the mortgagee with information about the property, or the available remedies. The mortgagee must ascertain the facts necessary to make its choice where it has the means to do so under the circumstances.
It is undisputed that Chrysler had no knowledge of the damage upon the property at the time of the foreclosure sale; thus, Chrysler was unaware that another *733 remedy was available for its election at that time. However, Chrysler failed to apprise itself of the basic facts needed to take full advantage of its rights, although it had the means to do so.
Chrysler did obtain a pre-foreclosure report on the property several weeks before the scheduled foreclosure sale. However, it did not attempt even a perfunctory inspection of the property in the days prior to the auction to verify the findings of the report. Chrysler was aware that the property was unoccupied and therefore more susceptible to vandalism or damage from natural causes such as fire. Nevertheless, it chose to rely solely on the findings of the initial foreclosure report instead of informing itself of crucial facts that were easily obtainable in the last days before the sale.
Baldwin establishes the mortgagee’s right to make an intelligent choice between remedies in a foreclosure-after-loss situation, but it does not provide a safety net for the negligent or inattentive mortgagee. Certainly, there is nothing in Baldwin or its progeny to require that equity rescue a mortgagee who has failed to make a timely inspection of the property that it bids upon at a foreclosure sale. Indeed, it is well settled in Alabama law that equity will not aid litigants who negligently fail to take advantage of a remedy, or who sleep upon their rights. Moore v. McLean, 248 Ala. 9, 26 So.2d 96 (1946).
Chrysler’s lack of knowledge concerning the loss on the mortgaged property was due entirely to its own failure to timely inspect the premises before completing the foreclosure upon it. Under the circumstances, such inspection would have been reasonable and relatively simple, and would have preserved Chrysler’s right to elect its remedy after the loss on the property was discovered. Instead, Chrysler slept upon its right to claim the insurance proceeds for the damaged property, and its right was thereby lost.
As stated in Baldwin, a mortgagee who forecloses on property after a loss and collects the full amount of the mortgage debt is not entitled to claim the insurance proceeds arising from the loss. The debt is paid and the mortgagee is no longer a creditor. Wilbom. Here, the debt incurred by Charles Bolling was fully satisfied by the proceeds of the foreclosure sale. Accordingly, the trial court properly found that Chrysler has no valid claim against the insurance proceeds and Mrs. Bolling was entitled to judgment as a matter of law. There was thus no error in the granting of summary judgment.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.
RUSSELL, J., dissents.