Chrysler First Financial Services Corporation ("Chrysler First") appealed from a summary judgment awarding Cassie P. Bolling the proceeds from a fire insurance policy. The Court of Civil Appeals affirmed, 608 So.2d 731; we granted certiorari review.
On August 23, 1991, the trial court conducted a hearing on Bolling's summary judgment motion and entered the following statement of facts:
 "On October 25, 1988, Charles T. Bolling executed to Chrysler First a real estate mortgage securing principal indebtedness of $9,700.00. The mortgage covered land situated in Morgan County, Alabama, upon which a dwelling house was located.
 "On or about October 27, 1988, . . . Baldwin Mutual Insurance Company, Inc. ('Baldwin Mutual'), issued a fire insurance policy naming Charles T. Bolling as the insured and Chrysler First as mortgagee. The policy provided coverage against loss or damage by fire to the dwelling which served as part of the security under Chrysler First's mortgage executed by Charles T. Bolling.
 "Charles T. Bolling died on February 20, 1990. [Cassie P.] Bolling, who is his mother and sole surviving heir at law, filed on March 29, 1990, her petition for appointment as administratrix of his estate and is currently serving in said capacity.
 "Sometime before May 7, 1990, default occurred in payment of the indebtedness owed by Charles T. Bolling to Chrysler First. On that date Chrysler First began giving foreclosure notice through publication in The Decatur Daily, advertising the foreclosure sale on May 29, 1990, of the real estate covered by the mortgage executed to Chrysler First by Charles T. Bolling.
 "The dwelling house located on the real estate covered by said mortgage was destroyed by fire on May 24, 1990.
 "After giving proper notice of the foreclosure sale, Chrysler First foreclosed on May 29, 1990, the real estate mortgage executed to it by Charles T. Bolling. At the sale Chrysler First was the highest and best bidder and bought the real estate described in said mortgage for the sum of $11,357.22. This sum represented all principal, interest, attorney's fees and costs of foreclosure owed under the promissory note and real estate mortgage executed by Charles T. Bolling to Chrysler First.
 "Chrysler First did not become aware of the fire loss until after its foreclosure and purchase of the real estate described in the mortgage executed by Charles T. Bolling."
The facts stated above were undisputed, and the parties concede that there is no genuine issue of material fact. See Rule 56(c), A.R.Civ.P.
On October 12, 1990, Baldwin Mutual filed this interpleader action and paid to the clerk of the trial court the proceeds of the *Page 736 
fire insurance policy, $10,000, asking the court to determine whether Cassie Bolling or Chrysler First should receive payment. Bolling cross-claimed against Chrysler First, asking the trial court to declare that she alone was entitled to the proceeds of the fire insurance policy. Chrysler First cross-claimed against Bolling, requesting that the trial court use its equity power to set aside the foreclosure sale and to restore Chrysler First and Bolling to the positions they were in prior to the foreclosure sale. Chrysler First also asked that the trial court declare that it alone was entitled to the fire insurance proceeds.
After hearing all of the evidence, the trial court concluded that Chrysler First was not entitled to the insurance proceeds, because of the "foreclosure after loss" rule. The court entered the summary judgment for Bolling. That rule, established inAetna Insurance Co. v. Baldwin County Bldg. LoanAss'n, 231 Ala. 102, 163 So. 604 (1935), states that a mortgagee who forecloses its mortgage after a loss and satisfies the mortgage debt by purchasing the real estate for the full amount of the debt is not entitled to recover the insurance proceeds arising from the loss. Chrysler First contends that the rule does not apply in these circumstances.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. Because there is no dispute as to the facts, we review whether the trial court erred when it refused to set aside the foreclosure sale and applied the "foreclosure after loss" rule to hold that Bolling was entitled to the proceeds as a matter of law.
Ordinarily, a mortgagee's sole remedy when a mortgagor defaults is a foreclosure sale. The "foreclosure after loss" rule comes into effect only when the property is lost. Once the property is lost, the mortgagee has an opportunity to elect between the proceeds of the insurance policy and a foreclosure sale. Aetna, supra.
Chrysler First argues that because it was without knowledge of the fire loss at the time of the foreclosure sale it could not have made an informed election between the two available remedies set out in Aetna, supra, and therefore, that the foreclosure sale should be set aside. Thus, our first consideration is whether knowledge of the loss is a requirement of the "foreclosure after loss" rule.
In Nationwide Mutual Fire Insurance Co. v. Wilborn,291 Ala. 193, 197-98, 279 So.2d 460, 462-63 (1973), this Court held:
 "In Alabama there have developed two distinct (and distinguishable) lines of cases. One line allows the insurance to follow the property past foreclosure and may be classified as the 'loss after foreclosure' concept. The other line of cases makes a difference if the debt owing to the mortgagee has been fully satisfied by foreclosure or otherwise following loss. This can be classified as the 'foreclosure after loss' principle.
". . . .
 "Where . . . the loss precedes the foreclosure, the rule is different since the mortgagee has an election as to how he may satisfy the mortgage indebtedness by two different means. He may look to the insurance company for payment as mortgagee . . . and may recover, up to the limits of the policy, the full amount of the mortgage debt at the time of the loss. In this event he would have no additional recourse against the mortgagor for the reason that his debt has been fully satisfied.
 "The second alternative available to the mortgagee is satisfaction of the mortgage debt by foreclosure. If the mortgagee elects to pursue this latter option, and the foreclosure sale does not bring the full amount of the mortgage debt at the time of the loss, he may recover the balance due under the insurance policy as owner. If the foreclosure does fully satisfy the mortgage debt, he, of course, has no additional recourse against the insurance company, as his debt has been fully satisfied." *Page 737 
291 Ala. at 197-98, 279 So.2d at 462-63 (citation omitted);Allstate Ins. Co. v. James, 779 F.2d 1536 (11th Cir. 1986); Aetna Ins. Co. v. Baldwin County Building LoanAss'n, 231 Ala. 102, 163 So. 604 (1935); Smith v.Stockton, Whatley, Davin Co., 487 So.2d 923
(Ala.Civ.App. 1985).
Further, this Court in Aetna Ins. Co. v. Baldwin CountyBuilding Loan Ass'n, stated that "[t]here is no allegation in the statement of facts that plaintiff had no notice of the fire at the time of the loss, and repudiated or annulled the sale, if he could being the purchaser." AetnaIns. Co. v. Baldwin County Building Loan Ass'n,231 Ala. at 103, 163 So. at 605. Plainly, where a mortgagee or purchaser for value does not have notice of a loss prior to the foreclosure sale, that mortgagee or purchaser cannot make an intelligent informed election between the two remedies made available by the fact that a loss has occurred.
The "foreclosure after loss" rule requires an election of remedies. This Court has held that when making an election between remedies, a party must make the election with the "full and clear understanding of the problem, facts and remedies essential to the exercise of an intelligent choice."Allstate Ins. Co. v. James, 779 F.2d 1536, 1539 (11th Cir. 1986); Guy James Const. Co. v. Trinity Industries,Inc., 644 F.2d 525 (5th Cir. 1981); see Kelley v.Dupree, 376 So.2d 1371 (Ala. 1979) ("Where a party, with knowledge of the facts, makes an election between two inconsistent theories of recovery such election shall be binding upon him"); see Elliott v. Vance, 239 Ala. 180,194 So. 515 (1940) ("[w]here a party, with knowledge of the facts, and in the absence of fraud or imposition, once makes an election between inconsistent remedies and the one chosen by him is not a mistaken remedy, his election is final, conclusive and irrevocable and constitutes an absolute bar to any action, suit, or proceeding inconsistent with that asserted by the election"). We conclude that implicit in the "foreclosure after loss" rule is the requirement that the mortgagee or purchaser at the foreclosure sale have knowledge of the loss before making an election. However, the mortgagee or purchaser must diligently seek facts that would enable it to make an informed election. See Moore v. McLean,248 Ala. 9, 26 So.2d 96 (1946).
In this case, the record shows that Chrysler First was diligent in obtaining information about the property. Chrysler First ordered a property value analysis and received that analysis on April 11, 1990. That analysis estimated the value of the property at $7,500. Less than four weeks later, on May 7, 1990, Chrysler First began publishing the requisite foreclosure notices. The period between the destruction of the house and the foreclosure was five days, and there is no indication in the record that Chrysler First knew or should have known of the change in the property. It was undisputed that Chrysler First had no notice of the fire before the foreclosure sale. Under these facts we cannot conclude that Chrysler First was dilatory.
It follows that Chrysler First could not make an intelligent, informed election between the remedies available to it under these circumstances. Because we hold that knowledge is a prerequisite to election under the "foreclosure after loss" rule, we must hold that Chrysler First is not bound by that rule.
Our second consideration is whether equity allows the foreclosure sale to be set aside when neither party had knowledge of the loss. A court of equity can set aside a foreclosure sale where there is a mutual mistake of fact.Stuart v. Strickland, 203 Ala. 502, 83 So. 600 (1919); see Federal Land Bank of St. Paul v. Edwards,262 Mich. 180, 247 N.W. 147 (1933). In Federal Land Bank of St.Paul, the fire that destroyed the property occurred one day before the foreclosure sale. After determining that the mortgagee's lack of knowledge was not the result of a lack of due diligence, the Court concluded that if the foreclosure sale was not set aside, the Court would be conferring an "unconscionable advantage" upon the mortgagor. Id. *Page 738 
In this case, Chrysler First was not aware of the fire before the foreclosure sale, and nothing in the record indicates that Bolling was aware of the fire before the foreclosure sale. Thus, it is apparent that the foreclosure sale occurred as the result of a mutual mistake of fact.
Further, we note that the facts show that Chrysler First lent the money, that Mr. Bolling got the loan proceeds, and that he defaulted on his mortgage. Whether termed "unconscionable advantage" or unjust enrichment, awarding Mr. Bolling's estate the proceeds of the fire insurance policy under these facts would be neither equitable nor just. See Aetna Ins. Co. v.Baldwin County Building Loan Ass'n, supra. Equity requires that the foreclosure sale be set aside and the parties returned to the status quo. A return to the status quo allows Chrysler First to make an informed election between the two remedies available to it, and it also allows Bolling's estate to retain any legitimate interest in the property.
Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.