Laura Percer, as administratrix of the estate of Cynthia Ruth Shirley, brought a wrongful-death action against the Alabama Department of Mental Health and Mental Retardation ("DMHMR"); Kathy Sawyer, commissioner of DMHMR; James Finch, director of the Lurleen B. Wallace Developmental Center ("the Wallace Center"); and several fictitiously named defendants. Although Percer is not a resident of Montgomery County and none of the actions complained of in this case occurred in Montgomery County, Percer filed the action in Montgomery County because Sawyer is an officer of the State who resides in Montgomery County.[1]
The defendants moved on the basis of § 6-5-546, Ala. Code 1975,[2] a part of the Alabama Medical Liability Act of 1987, § 6-5-540 et seq., Ala. Code 1975 ("AMLA"), or, in the alternative, on the basis of § 6-3-21.1, Ala. Code 1975, theforum non conveniens statute,[3] to transfer this action from Montgomery County to Morgan County, the county in which most of the incidents that allegedly led to Shirley's death occurred and the county in which all of the defendants except Sawyer reside. The trial court denied the motion. The defendants petition this Court for a writ of mandamus directing the trial court to transfer the action to Morgan County. On the basis ofEx parte Sawyer, 892 So.2d 898 (Ala. 2004), we grant the petition and issue the writ.
 I.
The Wallace Center, which is operated by DMHMR and located in Morgan County, *Page 921 
provides long-term habilitation services and treatment for persons who suffer from mental retardation; it employs physicians and nurses to provide health-care services to those persons. On August 8, 2000, Cynthia Ruth Shirley, a 55-year-old mentally retarded resident of the Wallace Center, had an altercation with an employee of the Wallace Center. During the altercation, she fell and struck her head on a metal table. As a result of the fall, she suffered severe injuries to her brain. The day after the fall, Shirley was transported to Huntsville Hospital in Madison County, where she died eight days later from a brain hemorrhage.
On May 18, 2001, Laura Percer, as administratrix of Shirley's estate, sued various parties associated with the Wallace Center, alleging that the defendants either assaulted Shirley or negligently allowed her to fall and that, as a result of the fall, Shirley suffered serious injuries that led to her death. The complaint also alleges that the defendants, who were charged with the responsibility of providing medical care to Shirley, "failed to provide comprehensive healthcare services" to Shirley, thereby causing her death.
 II.
"The burden of proving a duty to transfer [an action] is on the party raising the issue." Ex parte Alabama Power Co.,640 So.2d 921, 922 (Ala. 1994), citing Ex parte Ralston, 519 So.2d 488
(Ala. 1987), and Ex parte Finance America Corp., 507 So.2d 458
(Ala. 1987).
 "A petition for the writ of mandamus is the proper procedure for challenging a trial court's refusal to transfer an action based on improper venue. Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala. 1994). A writ of mandamus is appropriate when the petitioner makes a clear showing of error on the part of the trial court. Id."
Ex parte Children's Hosp. of Alabama, 721 So.2d 184, 186 (Ala. 1998). The standard for determining whether a writ of mandamus will issue is as follows:
 "A writ of mandamus is an extraordinary remedy, and it will be `issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252 (Ala. 1991)."
Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894
(Ala. 1998). "This Court reviews mandamus petitions seeking review of a venue determination by asking whether the trial court exceeded its discretion in granting or denying the motion for a change of venue." Ex parte Perfection Siding, Inc.,882 So.2d 307, 310 (Ala. 2003) (citing Ex parte Scott Bridge Co.,834 So.2d 79, 81 (Ala. 2002)).
 III.
The defendants argue that the AMLA, and in particular §6-5-546, requires that this action be brought in Morgan County, "the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred." We disagree. See Ex parte Sawyer, supra.
 IV.
The defendants also argue that they have a clear legal right to have the case transferred to Morgan County pursuant to §6-3-21.1, the forum non conveniens *Page 922 
statute. It is not disputed that the acts or omissions giving rise to this action occurred in Morgan County; therefore, Morgan County is "an appropriate venue" to which the case may be transferred. § 6-3-21.1. See also Ex parte Sawyer, supra.
Because the defendants have established that another appropriate venue exists, it is necessary to determine whether transferring the case to that venue is "in the interest of justice" or necessary "for the convenience of parties and witnesses." § 6-3-21.1, Ala. Code 1975. This inquiry depends on the facts of the case. Ex parte Jim Burke Auto., Inc.,776 So.2d 118, 121 (Ala. 2000). All of the facts in the present case indicate that venue in Morgan County would be significantly more convenient than venue in Montgomery County. First, it is not disputed that the acts or omissions giving rise to this action occurred in Morgan County. This Court has previously held that litigation should be handled in the forum where the injury occurred. Ex parte Mitchell, 690 So.2d 356, 359 (Ala. 1997).
Second, one of the fundamental purposes of the doctrine offorum non conveniens is to spare witnesses the unnecessary inconvenience associated with testifying in a distant forum. Exparte Townsend, 589 So.2d 711, 714 (Ala. 1991). In the present case, nearly all of the witnesses who may be called to testify, including nurses, social workers, and other health-care workers who worked at the Wallace Center and who cared for Cynthia Shirley, reside in or around Morgan County. All of the named defendants except Kathy Sawyer live and work in the Morgan County area. Even the plaintiff resides in Madison County, which adjoins Morgan County.
Percer claims that she plans to call "many" upper-level State employees who reside in Montgomery to testify at trial; however, she has not identified any of those individuals. More importantly, she fails to recognize that the State, whose employees may be called, has specifically stated that venue in Morgan County would be more convenient than venue in Montgomery County. Thus, Percer's argument that venue for State employees would be more convenient in Montgomery County, in spite of the State's clear representations to the contrary, is unpersuasive.
 V.
The defendants have established the existence of an appropriate venue in Morgan County and have established that a transfer of the action to that venue is necessary "for the convenience of parties and witnesses, or in the interest of justice." §6-3-21.1. Therefore, the trial court exceeded its discretion in denying the defendants' motion pursuant to § 6-3-21.1 to transfer the action to Morgan County.[4] The defendants' petition for the writ of mandamus is granted and the trial court is directed to vacate its order denying the defendants' motion for a change of venue and to transfer the action to Morgan County.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] Section 6-3-2, Ala. Code 1975, provides that "if the defendant or one of the defendants has within the state a permanent residence, [a legal proceeding] may be commenced in the county of such residence. . . ." This Court stated in Tri-StateCorp. v. State ex rel. Gallion, 272 Ala. 41, 46, 128 So.2d 505,509 (1961): "[I]t is well established in Alabama, as well as elsewhere, that suits involving public officials are properly maintained in the county of their official residence."
[2] Section 6-5-546, Ala. Code 1975, provides, in pertinent part:
 "In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred."
[3] Section 6-3-21.1(a), Ala. Code 1975, provides:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to cases subject to Section 30-3-5."
[4] Alabama's forum non conveniens statute is compulsory.See Ex parte Prudential Ins. Co. of America, 721 So.2d 1135,1138 (Ala. 1998) ("The word `shall' is clear and unambiguous and is imperative and mandatory."). *Page 923