PER CURIAM.
 

 Marcus Lynn Whitson appeals from a judgment of the Shelby Circuit Court denying his motion for a change of venue to Jefferson County and dismissing his age-discrimination claim against the City of Hoover (“the City”), made pursuant to the Alabama Age Discrimination in Employment Act, § 25-1-20 et seq., Ala.Code 1975. We reverse as to the dismissal of the age-discrimination claim and affirm the circuit court’s refusal to order a change of venue.
 

 I. Facts and Procedural History
 

 On September 23, 2004, Whitson, who was then employed by the City, suffered an on-the-job injury to his right arm and shoulder. On May 17, 2007, Whitson initiated an action in the Shelby Circuit Court seeking benefits for his injury pursuant to the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. Approximately two weeks later, the City terminated Whitson’s employment, stating that there were no light-duty positions available that Whitson could fill.
 

 Whitson and the City thereafter negotiated a settlement to resolve Whitson’s worker’s compensation claim, and, on July 10, 2007, the trial court entered an order approving the settlement. That order stated in pertinent part:
 

 “2. [Whitson] shall have and recover from the [City] the lump sum of $71,972.92 representing all claims for past, present, and future compensation and vocational rehabilitation benefits arising out of [Whitson’s] injury or injuries.
 

 “3. Medical benefits shall remain open subject to the provisions of Alabama Code [1975,] § 2[5]-5-77.
 

 “4. The [City] and its insurance carrier are hereby released and discharged from all claims for past, present, or future compensation and vocational rehabilitation benefits, whether based on [Whitson’s] vocational disability, physical impairments, or otherwise. Accordingly, [Whitson] shall not be entitled to any additional benefits in the future, with the exception of future medical benefits as set out above, regarding [Whitson’s] on-the-job injuries. This settlement shall preclude [Whitson] from re-petitioning the court for a determination of his loss of earning capacity based upon vocational disability in accordance with the Workers’ Compensation Act as amended in May 1992.”
 

 This settlement effectively terminated Whitson’s claim, although it remained open insofar as Whitson required further medical care for his injury.
 

 On November 7, 2007, Whitson filed a new action against the City in the Jefferson Circuit Court alleging that the City had terminated his employment because of his age, in violation of the Alabama Age Discrimination in Employment Act, and because he had filed a claim for worker’s compensation benefits, in violation of the retaliatory-discharge statute, § 25-5-11.1, Ala.Code 1975. On December 18, 2007, the City, which is located in both Jefferson County and Shelby County, moved the Jef
 
 *100
 
 ferson Circuit Court to transfer the case to the Shelby Circuit Court based on that court’s previous handling of Whitson’s worker’s compensation claim. The Jefferson Circuit Court granted that motion and transferred the case to the Shelby Circuit Court on December 19, 2007.
 

 On March 20, 2008, the City moved for the dismissal of Whitson’s complaint, arguing that Whitson had already been compensated for his injury and termination pursuant to the Workers’ Compensation Act and that he could not, therefore, assert additional claims under that Act or seek additional remedies outside that Act. Whit-son filed a response opposing the City’s motion in regard to his age-discrimination claim; however, he agreed to drop his retaliatory-discharge claim. He then argued that, without the retaliatory-discharge claim, venue for his case was proper in Jefferson County; accordingly, he moved the Shelby Circuit Court to transfer the case back to the Jefferson Circuit Court. On June 12, 2008, the Shelby Circuit Court denied Whitson’s motion to transfer the case and granted the City’s motion to dismiss the age-discrimination claim, the only remaining claim. Whitson then filed this appeal.
 

 II. Issues
 

 Two issues are presented in this appeal: (1) whether Whitson can maintain an action alleging his employment was unlawfully terminated based on his age after he was already compensated for his loss of future earnings when he settled his worker’s condensation claim, and (2) whether the Shelby Circuit Court erred by denying his motion to transfer this action back to the Jefferson Circuit Court after he agreed to the dismissal of his retaliatory-discharge claim.
 

 III. Analysis
 

 A. Dismissal of Whitson’s Age-Discrimination Claim
 

 The Shelby Circuit Court dismissed Whitson’s age-discrimination claim on the basis that the remedies provided by the Workers’ Compensation Act are exclusive of other remedies. In support of its order, the court cited
 
 Baptist Memorial Hospital v. Gosa,
 
 686 So.2d 1147 (Ala.1996), and
 
 Kelley v. Dupree,
 
 376 So.2d 1371 (Ala.1979), and stated as follows:
 

 “Specifically
 
 in, regard to on the job injuries,
 
 Alabama caselaw is clear that when an employee elects to be compensated under the Alabama Workers’ Compensation Act, then such employee shall be precluded from all other lights and remedies.
 
 Kelley v. Dupree,
 
 376 So.2d 1371 (Ala.1979);
 
 Baptist Memorial Hospital v. Gosa,
 
 686 So.2d 1147 (Ala.1996).”
 

 (Emphasis added.)
 

 In
 
 Gosa,
 
 the more recent of the two cases cited by the circuit court, however, the plaintiffs sought to recover from their employer additional damages, under common-law causes of action, for the same
 
 on-the-job, physical injuries
 
 for which they had already recovered workers’ compensation benefits. 686 So.2d at 1148. This Court properly rejected this effort, citing 8 25-5-53, Ala.Code 1975, which provides, in part:
 

 “The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise
 
 on account of injury, loss of services, or death.
 
 Except as provided in this chapter, no employer shall be held civilly liable for
 
 personal injury to or death,
 
 of the employer’s employee, for
 
 *101
 
 purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment.”
 

 (Emphasis added.) The same was true in
 
 Kelley,
 
 the other case cited in the circuit court’s order. 376 So.2d at 1372. The decision in
 
 Kelley
 
 likewise was based upon § 25-5-53.
 

 We also take note of § 25-5-52, Ala. Code 1975, which provides:
 

 “Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form, or amount of compensation or damages
 
 for an injury or death
 
 occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof.”
 

 (Emphasis added.)
 

 As indicated by the statutory passages emphasized above, and indeed the passage from the circuit court’s judgment itself, which is also emphasized above, the exclusivity of the remedies provided by the Workers’ Compensation Act does apply “in regard to on-the-job injuries.” Here, however, Whitson seeks to recover outside the Workers’ Compensation Act, not for his on-the-job physical injuries, but for injuries suffered by virtue of a completely different cause of action with a completely different gravamen, namely wrongful termination of employment (in this case based on alleged age discrimination). The principle that the Workers’ Compensation Act provides the exclusive remedies for on-the-job physical injuries, as provided in §§ 25-5-52 and -53 and cases applying those statutes, is thus inapposite to the issue in this case.
 

 The circuit court also stated:
 

 “Mr. Whitson elected to be compensated under the Alabama Workers’ Compensation Act and reached a settlement with the City of Hoover for $ 71,972.92 based on a negotiated 62% vocational disability rating, which was approved by this Court on July 10, 2007, well after the date of his termination. Section 25-5-57(a)(3)(i), Ala.Code 1975, provides that vocational disability can only be considered when the employee has not returned to work at a wage equal to or greater than the employee’s pre-injury wage. The logical result of this code section is that when a vocational disability rating is used as the basis for a settlement, then the employee is being compensated for either a reduction in wages and/or termination.”
 

 We disagree with the circuit court’s reasoning. Section 25 — 5—57(a)(3)(i), Ala.Code 1975, provides:
 

 “If, on or after the date of maximum medical improvement, except for scheduled injuries as provided in Section 25-5-57(a)(3), an injured worker returns to work at a wage equal to or greater than the worker’s pre-injury wage, the worker’s permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability.”
 

 The purpose of § 25 — 5—57(a)(3)(i) is simply to set parameters on the amount of worker’s compensation benefits an employee may receive in the event the employee returns to work earning a wage equal to or greater than the wage the employee earned before his or her accident. It is
 
 *102
 
 true that a settlement that provides the employee payments reflective of his or her degree of vocational disability, rather than his or her physical-disability rating, arguably suggests (but in and of itself does not dispositively establish) that the employer and employee based the settlement on a mutual understanding that the employee had not returned to work, at least not at a wage equal to or greater than his or her pre-injury wage. Nonetheless, and regardless of whether an employee recovers damages (either at trial or in a settlement) for his or her on-the-job physical injuries based on not having returned to work following the occurrence of those injuries, we see nothing in § 25-5-57 that forecloses a separate claim of wrongful termination, whether for an alleged retaliatory discharge as expressly allowed under § 25-5-11.1 or for an allegedly discrimination-based discharge under a federal statute or, as here, an applicable state statute.
 

 We would have a different case if the settlement agreement itself, i.e., by its own terms, indicated an agreement between the parties that served to foreclose any subsequent further claims of the nature asserted here. It does not. Paragraph 2 of the settlement agreement, as incorporated in the order of the Shelby Circuit Court, begins with a provision that clearly indicates that the moneys paid to Whitson represented amounts the parties agreed were due Whitson under the Workers’ Compensation Act as benefits to which Whitson was entitled as a result of his on-the-job physical injury: “[Whitson] shall have and recover from the employer the
 
 lump sum
 
 of $71,972.92, representing all claims for past, present, and future
 
 compensation and vocational rehabilitation benefits arising out of [Whitson’s] injury or injuries.”
 
 (Emphasis added.) The terms of art used in this passage indicate that the payment of a “lump sum” is being made solely for the purpose of compensating Whitson for loss of “compensation ... benefits” and “vocational rehabilitation benefits” to which Whitson would otherwise be entitled under the Workers’ Compensation Act. Moreover, this passage explicitly states that the lump-sum payment of $71,972.92 is being made for all claims that would “arise out of [Whitson’s]
 
 injury or injuries.”
 
 This last phrase clearly indicates that the purpose of the payment was to compensate Whitson for the physical injury he suffered in the course of his employment, not at all the same gravamen that exists in his lawsuit alleging age discrimination in the termination of his employment.
 

 Consistent with this understanding of the purpose of
 
 the
 
 aforesaid lump-sum payment, the next paragraph in the settlement agreement (paragraph 3 of the Shelby Circuit Court’s order) states that “[mjedical benefits shall remain open subject to the provisions of Ala.Code [1975,] § 25-5-77.” Again, the use of a term such as “medical benefits” and, indeed, the explicit citation to the applicable section of the Workers’ Compensation Act governing “medical benefits” make it clear that the purpose of the agreement is to address Whitson’s claims under that Act.
 

 Nothing in paragraph 4, the next paragraph in the parties’ agreement, is inconsistent with the foregoing. In fact, to the contrary, the first sentence of paragraph 4 states:
 

 “The [City] and its insurance carrier are hereby released and discharged from all claims for past, present, or future
 
 compensation and vocational rehabilitation benefits,
 
 whether based on [Whitson’s] vocational disability, physical impairments, or otherwise.”
 

 (Emphasis added.) Syntactically, the object of the “release[ ] and discharge! ]” in this sentence is simply “all claims ...
 
 for
 
 
 *103
 

 compensation and vocational rehabilitation benefits.”
 
 The follow-up clause beginning with “whether” is merely a “conditional clause”; it does not expand the set of claims to which the release applies in the first place but merely confirms that there is no subset
 
 of the previously defined set of claims
 
 that is exempt from the release.
 

 The second sentence of paragraph 4 reads: “Accordingly, [Whitson] shall not be entitled to any additional
 
 benefits
 
 in the future, with the exception of future medical benefits as set out above, regarding [Whitson’s]
 
 on-the-job-injuries.”
 
 The use of the term “accordingly” to begin the sentence signifies that what is about to be said follows naturally or logically from the immediately preceding sentence. Therefore, it is significant (1) that this second sentence goes on to explain that the restriction is against Whitson’s receiving any additional “benefits,” a term of art under the Workers’ Compensation Act, and (2) that the second sentence ends with the qualifying phrase
 
 “regarding
 
 [Whitson’s] on-the-job
 
 injuries,”
 
 thus limiting the types of claims being released. Again, Whitson’s on-the-job physical injuries are not at all the same gravamen as that which underlies Whitson’s subsequent claim alleging age discrimination in the termination of his employment.
 

 The final sentence in paragraph 4 states: “This settlement shall preclude [Whitson] from re-petitioning the court for a determination of his loss of earning capacity based upon vocational disability in accordance with the Workers’ Compensation Act as amended in May 1992.” This sentence is corroborative of the construction of the previous provisions of the agreement described above.
 

 Based on the foregoing, it cannot reasonably be concluded that the settlement agreement between the parties expresses any intention by the parties to release any claims other than those arising under the Workers’ Compensation Act. In short, the “compensation and vocational rehabilitation
 
 benefits
 
 ” for which the City is released and discharged under the agreement do not exhaust the universe of “damages” that Whitson could now be seeking to recover for his termination based on his age. Such “damages” include more than what can fairly be classified as “benefits.” The Alabama Age Discrimination in Employment Act incorporates the remedies available for age discrimination under the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34. Remedies under the federal act, 29 U.S.C. § 626, are designed to make the plaintiff whole and include damages representing full backpay (as opposed to a percentage of backpay designed to be a compensatory “benefit”), fringe benefits, reinstatement, or full front pay for a finite future period (as opposed to a percentage of pay designed to be a compensatory “benefit”), equitable relief, and attorney fees.
 
 See Munoz v. Oceanside Resorts, Inc.,
 
 223 F.3d 1340 (11th Cir.2000). The federal act also provides for liquidated damages (over and above compensatory damages) for “willful” violations.
 
 See United States E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.,
 
 117 F.3d 1244, 1249-50 (11th Cir.1997).
 

 Based on the foregoing, the circuit court’s judgment is due to be reversed insofar as it dismissed Whitson’s age-discrimination claim.
 

 B. Denial of Whitson’s Motion for Change of Venue
 

 Whitson also contends on appeal that the Shelby Circuit Court erred in denying his motion to transfer the case back to Jefferson County. Preliminarily,
 
 *104
 
 we note that Whitson does not argue that the Jefferson Circuit Court erred by initially transferring the case to Shelby County. Whitson argues, however, that once he agreed to the dismissal of his retaliatory-discharge claim under the Workers’ Compensation Act, his case should have been transferred back to Jefferson County. He fails, however, to offer any analysis or cite any caselaw that supports his argument; rather, he merely declares that the case should have been transferred back to Jefferson County. The City points out that this Court has held that if a municipality is physically located in two or more counties, venue is appropriate in either county.
 

 “ ‘The burden of proving a duty to transfer [an action] is on the party raising the issue.’
 
 Ex parte Alabama Power Co.,
 
 640 So.2d 921, 922 (Ala.1994), citing
 
 Ex parte Ralston,
 
 519 So.2d 488 (Ala.1987), and
 
 Ex parte Finance America Corp.,
 
 507 So.2d 458 (Ala.1987).”
 
 Ex parte Sawyer,
 
 892 So.2d 919, 921 (Ala.2004). Whitson has failed to show that the Shelby Circuit Court had any duty to transfer the case back to the Jefferson Circuit Court. The only caselaw he cites in the section of his brief making this argument in fact indicates that Shelby County was an appropriate venue for this dispute.
 
 See Ex parte City of Haleyville,
 
 827 So.2d 778 (Ala.2002) (stating that a municipality that is physically located in two or more counties may be sued in either of those counties). It is not this Court’s duty to formulate legal arguments or provide authorities in support of an appellant’s position on appeal.
 
 Dykes v. Lane Trucking, Inc.,
 
 652 So.2d 248, 251 (Ala.1994). We therefore decline to further address Whitson’s assertion that the Shelby Circuit Court exceeded its discretion in not transferring the case back to Jefferson County.
 

 IV. Conclusion
 

 To the extent the circuit court dismissed Whitson’s age-discrimination claim, its judgment is reversed and the cause is remanded to the circuit court for further proceedings. We affirm the judgment insofar as it denied Whitson’s motion to transfer the case back to Jefferson County-
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 LYONS, WOODALL, SMITH, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., and BOLIN, J., concur in the result.
 

 STUART, J., dissents.